UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
-------------------------------------------------------------------------------X
DARL MATTHEW FRIEND,

                                                                    Civil Action No.

                              Plaintiff,

           -against-                                                **COMPLAINT**

COMPUTER SCIENCES CORPORATION,                      Plaintiff Demands A
                                                                    Trial by Jury

                              Defendant.
-------------------------------------------------------------------------------X

Plaintiff Darl Matthew Friend (herein referred to as "FRIEND") respectfully alleges the

following against Defendant COMPUTER SCIENCES CORPORATION (herein the "CSC")

upon information and belief as follows:

## NATURE OF THE CASE

1.      Plaintiff complains pursuant to the American with Disabilities Act of 1990, 42

         U.S.C. § 12101 *et. seq* ("ADA"), the Age Discrimination in Employment Act of 1967, 29

         U.S.C. § 626 *et. seq* ("ADEA"), and the Pennsylvania Human Relations Act, as amended,

         43 P.S. §§ 951, *et. seq.* ("PHRA"), and seeks damages to redress the injuries Plaintiff

         suffered as a  result of unlawful discrimination, retaliation, and termination by Defendant

         solely due to his age and disability.

## JURISDICTION AND VENUE

2.      Jurisdiction of this action is conferred upon the court as this action involves a Federal

         Question under the American with Disabilities Act and Age Discrimination in

         Employment Act. The Court also has supplemental jurisdiction over the State Causes of

         Action.

3. Jurisdiction of this action is also conferred upon the Court as this action involves Diversity of Citizenship under 28 U.S.C. §1332.

4. The matter contested exceeds $75,000.

5. Proper venue is based on Defendant's principal place of business located in the County of Luzurne, within the Middle District of the Commonwealth of Pennsylvania. Any and all events listed and at issue took place in Luzurne County within the Middle District of the Commonwealth of Pennsylvania.

6. On or around September 7, 2015, Plaintiff dual-filed charges with the EEOC and PHRC against Defendant as set forth herein.

7. On or around April 27, 2017, the EEOC issued Plaintiff a Right to Sue.

8. This action is being commenced within 90 days of receipt of the EEOC Right to Sue Letter.

## PARTIES

9. Plaintiff Darl Matthew Friend (hereinafter referred to as Plaintiff and "FRIEND") is an individual disabled-male residing in the Commonwealth of Pennsylvania.

10. At all times material, Defendant COMPUTER SCIENCES CORPORATION (hereinafter referred to as Defendant and "CSC") is a foreign (Nevada) business corporation authorized to do business in the Commonwealth of Pennsylvania.

11. At all times material, Plaintiff FRIEND was an employee of the Defendants.

## MATERIAL FACTS

12. On or around February 9, 2015, Defendant assigned Plaintiff, a contract employee, to work as an Information Technology (IT) Support Engineer at eBay Enterprises, Inc., N. Wilkes Barre, PA, .

13. At the time of Plaintiff's hiring, Plaintiff was a 41-year-old individual disabled male.

14. Plaintiff's Supervisor was eBay Enterprises, Inc.'s Head of Engineering, Wesley Hablett, an individual 27-year-old male.

15. Notably, none of eBay Enterprises, Inc.'s employees, with the exception of Plaintiff, were more than 32 years old.

16. On or around February 9, 2015, Plaintiff informed his Supervisor of his disability.

17. In 2014, Plaintiff suffered a serious injury and was diagnosed with a Concussion and a Torn Meniscus in his Right Knee, conditions severely and significantly restricting Plaintiff's major life activity.

18. Plaintiff's disability severely and significantly limits his ability to bend, lift, climb, stoop, stand and sit for long periods of time.

19. Plaintiff's disability also inhibits his ability to concentrate and relate to others.

20. To accommodate the impact of his disability, Plaintiff requested Defendant provide him with reasonable accommodations including detailed explanations and demonstrations of how to complete his work projects and assignments.

21. Plaintiff also requested that his employer modify any assignments involving manual labor so that Plaintiff would not be required to lift and carry objects exceeding 8 pounds, bend, stoop, kneel, stand, and sit for long periods of time.

22. Plaintiff's Supervisor routinely and expressly barred Plaintiff from attending meetings, lunches, and events his co-workers were invited and expected to attend.

23.    Notwithstanding his disability, Plaintiff performed the essential functions of his job.

24.    On or around April 20, 2015, Plaintiff was in an automobile accident which caused Plaintiff's disability to worsen.

25.    As a result of the accident, Plaintiff was forced to miss work from April 21, 2015 to May 22, 2015.

26.    When Plaintiff returned to work, Plaintiff made every effort to communicate with his Supervisor about his need for reasonable accommodations.

27.    Defendant failed to provide Plaintiff with the reasonable accommodations Plaintiff requested.

28.    On or around May 26, 2015, Defendant wrongly terminated Plaintiff.

29.    Defendant terminated Plaintiff solely because of his disability and age.

30.    Based on Defendant's discriminatory and retaliatory treatment of Plaintiff, it is clear that Defendant discriminated against Plaintiff solely due to his disability and age.

31.    As a result of Defendant's conduct, Plaintiff has sustained and continues to suffer from serious and permanent personal injuries.

32.    As a result of Defendant's actions, Plaintiff feels humiliated, degraded, threatened, embarrassed, and emotionally distressed.

33.    As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, including out-of-pocket medical expenses. Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, the loss of enjoyment in his life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

34. Plaintiff demands Punitive Damages as against Defendant for acting, with full knowledge of the law, in a manner this court would justly term malicious, willful, and outrageous.

35. The above are just some of the examples of unlawful and discriminatory conduct to which Defendant subjected Plaintiff.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION**
**UNDER THE AMERICANS WITH DISABILITIES ACT**

36. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

37. Plaintiff claims Defendant violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

38. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

39. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his disability.

40. Plaintiff has been damaged as set forth herein.

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION**
**UNDER THE AMERICANS WITH DISABILITIES ACT**

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

42. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

43. Defendant violated the above and Plaintiff suffered numerous damages as a result.


## AS A THIRD CAUSE OF ACTION
## UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

45. The ADEA (29 U.S.C. 626) provides that it shall be unlawful for an employer-

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify their employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

(3) to reduce the wage rate of any employee in order to comply with this chapter.

(b) It shall be unlawful for an employment agency to fail or refuse to refer for employment, or other wise to discriminate against, any individual because of

such     individual's age, or to classify or refer for employment any individual on the basis of such individual's age.

46.    Defendant engaged in unlawful employment practices prohibited by ADEA (29 U.S.C. 626), by allowing age discrimination and causing a hostile work environment.

**AS A FOURTH CAUSE OF ACTION
FOR RETALIATION
UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967**

47.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

48.    SEC. 623 (d) states: It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

49.    Defendant violated this section by retaliating against Plaintiff after he made several complaints of discrimination.

**AS A FIFTH CAUSE OF ACTION
FOR DISCRIMINATION
UNDER STATE LAW**

50. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

51. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

52. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his medical disability and age.

53. Plaintiff hereby states his claim against Defendant under all of the applicable paragraphs of the PHRA § 955.

**AS A SIXTH CAUSE OF ACTION**
**FOR RETALIATION**
**UNDER STATE LAW**

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

55. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice

forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

56.    Defendant engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of his employer.

### AS A SEVENTH CAUSE OF ACTION
### FOR AIDING & ABETTING
### UNDER STATE LAW

57.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

58.    PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

59.    Defendant engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
July 24, 2017

**DEREK SMITH LAW GROUP, PLLC**
Attorneys for Plaintiff

By: _____
Derek T. Smith, Esq.
30 Broad Street, 35th Floor
New York, NY 10007
*(212) 587-0760*